IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



LINDA JARRELL-HENDERSON,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 2:07cv432

LIBERTY MUTUAL FIRE
INSURANCE COMPANY, *et al.*

    Defendants.

### *MEMORANDUM ORDER*

This matter is currently before the Court on several objections to the Magistrate Judge's Report and Recommendation.

### I. FACTUAL AND PROCEDURAL HISTORY

This action arises out of a motor vehicle accident, in which an uninsured motorist collided with Linda Jarrell-Henderson ("Plaintiff"), who was driving a vehicle owned by her employer, Ikon Office Solutions, Inc. ("Ikon"). Daniel Prince was also a passenger in the vehicle driven by Plaintiff. Liberty Mutual Fire Insurance Company ("Liberty Mutual") and State Farm Mutual Automobile Insurance Company ("State Farm") (collectively "Defendants") had issued policies of motor vehicle liability insurance to Ikon and Plaintiff, respectively, both of which were in effect at the time of the accident. When Plaintiff submitted a claim to Liberty Mutual, Liberty Mutual informed Plaintiff that the available uninsured motorist coverage was limited to $70,000.

Plaintiff filed suit in Norfolk Circuit Court, seeking a declaration regarding the amount of available uninsured motorist insurance coverage. On September 25, 2007, Defendant Liberty Mutual removed this action to this Court. Daniel Prince was joined as a party on March 21, 2008. Cross-motions for Summary Judgment were filed by Liberty Mutual and Plaintiff on July 22, 2008 and July 25, 2008, respectively. The parties stipulated, via a conference call on July 23, 2008, that no facts are in dispute and that the case should be decided on cross-motions for summary judgment. On August 1, 2008, Plaintiff filed a Motion to Strike an affidavit supporting Liberty Mutual's Motion for Summary Judgment. On September 15, 2008, these motions were referred to a United States Magistrate Judge for a report and recommendation pursuant to the provisions of 28 U.S.C. Section 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. A hearing was held on October 21, 2008.

On November 19, 2008, the Magistrate Judge filed his Report and Recommendation, finding that Liberty Mutual's Motion for Summary Judgement should be **GRANTED**, that Plaintiff's Motion for Summary Judgment should be **DENIED**, and that Plaintiff's Motion to Strike should be **GRANTED** in part and **DENIED** in part. By copy of the Report and Recommendation, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. On November 25, 2008, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation, and Liberty Mutual responded on December 4, 2008.

## II. LEGAL STANDARD

Under Rule 72 of the Federal Rules of Civil Procedure ("Rule 72"), a judge is required "to make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." The phrase "de novo determination", as used in Rule 72, means that a district court judge must give "fresh consideration" to portions of the magistrate judge's report and recommendation. *United States v. Raddatz,* 447 U.S. 667, 675 (1980). In other words, "'the Court should make an independent determination of the issues' and should not give any special weight to the prior determination." *Id.* (quoting *United States v. First City Nat'l Bank,* 386 U.S. 361, 368 (1967)). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72.

## III. DISCUSSION

Plaintiff has several objections. As grounds for these objections, Plaintiff incorporates her brief in support of her motion for summary judgment and in opposition to defendant's same motion, and her brief supporting her motion to strike.

### A. The Wasson Affidavit

Plaintiff objects to the Magistrate Judge's recommendation that the Plaintiff's Motion to Strike, with respect to the substantive portion of the affidavit, be denied. At issue is the Affidavit of Patrick Wasson, filed by Liberty Mutual in support of its Motion for Summary Judgment. In the Report and Recommendation, the Magistrate Judge recommended that Plaintiff's Motion be granted with respect to the schedules of insurance attached as Exhibit A to the Affidavit, because

they were not timely produced or disclosed and Liberty Mutual did not meet its burden to show that such failure was substantially justified or harmless. (R&R, 4-6.) However, Plaintiff's only arguments with respect to the substantive portion of the Affidavit are that (1) it was not sworn under oath, and (2) counsel for Liberty Mutual did not make any inquiry into the subject matter of the Affidavit during Mr. Wasson's deposition. (Pl's Mot. Strike, ¶¶ 1-2.) Plaintiff conceded the first argument at the hearing, agreeing that the Affidavit meets the requirements.

At issue is the second argument, which the Magistrate Judge found to lack merit. (R&R, 4.) Counsel defending a discovery deposition is not required to elicit testimony on a subject not covered by counsel taking that deposition. Accordingly, Plaintiff's objection to the Magistrate Judge's recommendation with respect to the Affidavit is without merit.

**B. Ikon's Notification**

Plaintiff further objects to the following determinations made by the Magistrate Judge concerning Ikon's notification: (1) that whether or not the 2002 Uninsured/Underinsured Motorist ("UM") Coverage form was timely for the 2002/2003 policy year, it was timely for subsequent renewals to the policy; (2) that the 2002 UM notification was not ambiguous and invalid; and (3) that there was clear evidence of mutual intent to sell and purchase uninsured motorist coverage at the statutory minimum.

At issue is whether Ikon made a valid notification under Virginia Code § 38.2-2202 of its decision to purchase the statutory minimum uninsured motorist coverage. Under the statute, the insurer is required to provide uninsured coverage in limits equal to the limits of liability insurance provided by the policy, unless the insured chooses to purchase a lesser amount by notifying the insurer. Va. Code Ann. § 38.2-2202(A). Each new policy must contain a statement

that the insured has twenty days from the mailing of the new policy or premium to notify the insurer of a desire to reduce coverage or the total premium charge may increase. *Id.* at § 38.2-2202(B). Plaintiff argues that Ikon's UM coverage equaled the limits of the $2,000,000 insurance policy because Ikon's notification was flawed in two ways: (1) the 2002 UM form was executed more than twenty days after the mailing of the notification form to Ikon; and (2) the 2002 UM notification was ambiguous because Ikon did not check a certain box to indicate their intention to make an election as to the uninsured motorist coverage.

The essential facts in this case are undisputed. Ikon's broker provided Liberty Mutual with an insurance submission requesting minimum or statutory benefits in all states allowed, and that in April 2002, Liberty Mutual sent Ikon coverage forms for the policy period of April 2002 - April 2003 and a letter stating "you have indicated that you would like to reject and/or select the state minium for which I have preselected in pencil for your convenience." Mr. W. J. Hope, Jr. executed the Virginia UM form on behalf of Ikon more than twenty days later. He checked the box labeled "$70,000 Single Limits" but left blank the box above, which stated "I wish to elect Uninsured/Undersured Motorist Coverage at." Ikon renewed this policy each year through at least April 1, 2007. For the April 2006 renewal, Liberty Mutual prepared a coverage proposal indicating the statutory minimum limits for UM coverage, and sent the forms to Ikon on May 31, 2006, notifying Ikon of its right to reject increased UM coverage. On June 12, 2006, Mr. Hope executed the UM form, checking the box stating "I wish to elect Uninsured/Undersured Motorist Coverage at" and a subsequent box stating "$70,000 Single Limits." The declarations page for the 2006-2007 policy indicates that the UM coverage in Virginia is $70,000. Plaintiff's accident occurred on November 7, 2006.

The Magistrate Judge found that even if the 2002 UM notification was not timely for the 2002-2003 policy year, it was timely for subsequent renewals of the policy, including the 2006 renewal which was in effect at the time of the accident. (R&R, 11.) Virginia Code § 38.2-2202, which requires notice within twenty days of mailing to reduce uninsured motorist coverage, does not apply to renewal policies. *See GEICO v. Hall*, 533 S.E. 2d 615, 618 (Va. 2000); *Ins. Co. of N. Amer. v. MacMillan*, 945 F.2d 729, 731-32 (4th Cir. 1991). Therefore, the 2002 UM notification was timely for renewals of Ikon's policy, including the 2006 renewal.

The Magistrate Judge also found that the 2002 UM notification was not ambiguous. (R&R, 12-13.) Plaintiff cites two cases in support, but the Court finds neither case analogous to the facts at issue here. In *White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, the insured completed a Virginia notification form without selecting any option for coverage, but completed forms for other states choosing the minimum uninsured motorist coverage, and the Court held that the insured did not reject the default coverage in Virginia. 913 F.2d 165, 166 (4th Cir. 1990). In *Bray v. Ins. Co. of the State of Pa.*, the insured was not notified of uninsured motorist coverage options and made no specific rejection, and the Court found that the insured's acceptance of a policy with lower uninsured motorist coverage was not an actual rejection of higher coverage. 917 F.2d 130, 133 (4th Cir. 1990).

In this case, Ikon explicitly rejected higher uninsured motorist coverage by checking the box on the 2002 UM notification indicating the $70,000 limit. Even though Ikon did not check the preceding box stating "I wish to elect Uninsured/Undersured Motorist Coverage at:", its intentions are clear from its checking the following box stating "$70,000 Single Limits." Thus, Ikon substantially complied with the statute's notification requirement, and its coverage form is

not ambiguous. *See, e.g., Arnold v. Liberty Mut. Ins. Co.*, 866 F. Supp. 955, 957 (W.D. Va. 1994) (holding notification valid because substantial compliance with the law, rather than "hypertechnical compliance," is all that is required). Moreover, even if there were a defect, the subsequent 2006 waiver form cured any such defect.

The Magistrate Judge also found that there was clearly mutual intent for Liberty Mutual to sell, and Ikon to buy, reduced uninsured motorist coverage. (R&R, 13.) Such mutual intent is instructive in determining whether a notification has effectively reduced uninsured motorist coverage. *See, e.g., GEICO*, 533 S.E.2d at 618; *Price v. Zurich Amer. Ins. Co.*, No. CL02-1009, 2003 WL 24179583 (Va. Cir. Ct. Dec. 17, 2003). The record reflects that Ikon notified Liberty Mutual of Ikon's intent to reduce the uninsured motorist coverage on multiple occasions, verbally and in writing, in conjunction with both the initial 2002 policy and the 2006 renewal. In response, Liberty Mutual issued a policy for the 2006-2007 term listing uninsured motorist coverage in Virginia for $70,000 Single Limits.

Accordingly, the Court finds that Ikon effectively notified Liberty Mutual and reduced its UM coverage for the policy in effect at the time of Plaintiff's accident. Plaintiff's objections to the Magistrate Judge's recommendation based on Ikon's notification are without merit.

## C. Evidence of Reduced Premiums

Plaintiff further objects to the finding that even if evidence of reduced premiums is not considered, the remaining evidence conclusively shows that Ikon effectively notified Liberty Mutual of its desire to reduce UM coverage in Virginia. The Magistrate Judge found that even if the Wasson Affidavit, which states that Ikon's premium was calculated based on Ikon's request for minimum coverage and would have been increased if Ikon requested limits or coverages

above the statutory minimum, were stricken in its entirety, the remaining evidence is sufficient to find an effective UM notification. (R&R, 14.) Virginia Code § 38.2-2202 provides that, unless a reduced coverage is selected by the insured, the insurer may *increase* the premium charged. Thus, the statutory minimum uninsured motorist coverage is the default for determining the premium cost, which may be increased if the insured does not opt out of additional coverage. The reverse is not true, and Plaintiff's argument that Liberty Mutual did not provide evidence that Ikon paid a reduced premium in exchange for reduced coverage is irrelevant. The Court has already found that Ikon effectively notified Liberty Mutual of its desire to reduce UM coverage in Virginia, and that the UM coverage during the 2006-2007 policy term was $70,000 single limits. Accordingly, Plaintiff's objection to the Magistrate Judge's recommendation with respect to the evidence of reduced premiums is without merit.

### D. Motion for Summary Judgment

Finally, Plaintiff objects to the recommendation that this Court grant Liberty Mutual's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. The parties already stipulated that there is no factual dispute. The Magistrate Judge found that the evidence conclusively shows that Ikon effectively notified Liberty Mutual of its desire to reduce UM coverage in Virginia to $70,000 single limits by complying with the requirements of Virginia Code §38.2-2202, such that Liberty Mutual is entitled to judgment as a matter of law. (R&R, 14.) Summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). In this case, there is no genuine issue of fact and the Court has found that Ikon complied with the requirements of Virginia Code §38.2-2202 and effectively waived higher UM coverage at least

8

for the 2006-2007 term, thus entitling Liberty Mutual to judgment as a matter of law. Accordingly, the Court finds that Plaintiff's objection to the Magistrate Judge's recommendation to grant summary judgment in favor of Liberty Mutual and against Plaintiff is without merit.

This Court has carefully and independently reviewed the record in this case and the objections to the Report. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objections. Therefore, the Court accepts the findings and recommendations set forth in the Report and Recommendation.

## IV. CONCLUSION

The Court hereby accepts the findings and recommendations set forth in the Report and Recommendation of the United States Magistrate Judge filed November 19, 2008. It is therefore **ORDERED** that Liberty Mutual's Motion for Summary Judgement is **GRANTED**, that Plaintiff's Motion for Summary Judgment is **DENIED**, and that Plaintiff's Motion to Strike is **GRANTED** in part and **DENIED** in part.

The Clerk of the Court is **DIRECTED** to send a copy of this Memorandum Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/
_____
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
February 9, 2009